1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

8

**EASTERN DISTRICT OF WASHINGTON**

9

Case No. 12cv560-JPH

10

11

ARNETTE  E. AULIS,

Plaintiff,

12

vs.

13

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

14

15

Defendant.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT

16

17

**BEFORE THE COURT** are cross-motions for summary judgment. ECF

18

Nos. 15, 17. Attorney Rebecca Coufal represents plaintiff (Aulis). Special Assistant

19

United States Attorney Gerald J. Hill represents defendant (Commissioner). The

20

parties consented to proceed before a magistrate judge. ECF No. 6. After reviewing

the administrative record and the briefs filed by the parties, the court **grants**

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 1

1  defendant's motion for summary judgment, ECF No. 17.

2  **JURISDICTION**

3      Aulis protectively applied for disability insurance benefits (DIB) and

4  supplemental security income (SSI) benefits in November 2009 alleging disability

5  beginning June 30, 2009 (Tr. 156-62, 163-68). The claims were denied initially and

6  on reconsideration (Tr. 85-88, 91-95). Administrative Law Judge (ALJ) Gene

7  Duncan held a hearing February 18, 2011. Psychologist Kent Layton, Psy.D., a

8  vocational expert and Aulis testified (Tr. 37-80). On July 12, 2001, the ALJ issued

9  an unfavorable decision (Tr. 11-23). The Appeals Council denied review on

10  September 21, 2012 (Tr. 1-5).   On October 9, 2012, Aulis appealed pursuant to 42

11  U.S.C. §§ 405(g). ECF No. 1, 5.

12  **STATEMENT OF FACTS**

13      The facts have been presented in the administrative hearing transcript, the

14  decisions below and the parties' briefs. They are only briefly summarized here and

15  throughout this order as necessary to explain the Court's decision.

16      Aulis was 48 years old when she applied for benefits. She earned a GED and

17  completed some college courses (Tr. 40, 70-71, 81). She last used methamphetamine

18  and alcohol in May 2010 (Tr. 42). She was imprisoned in 2005 -06 and May 2010 to

19  February 2011 (Tr. 539) but testified it was from June 2009 until February 1, 2010

20  (Tr. 54). She testified "I have bible studies." She rides the bus (Tr. 43, 65). At the

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 2

time of the hearing Aulis was working eight to sixteen hours a week at a temporary job  (Tr. 39, 62-64). She can no longer work as a bartender because she "can't hold the bottles like [she] used to" and is unable to sit or stand for long periods due to back pain (Tr. 43, 61). Hepatitis causes memory and other cognitive problems, depression, itching, fatigue, migraines and nausea  (Tr. 39-40, 43, 52-54, 58-60, 67, 69).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 3

one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past

work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 5

preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 6

Plaintiff has the burden of showing that drug and alcohol addiction (DAA) is not a contributing factor material to disability. *Ball v. Massanari*, 254 F.3d 817, 823 (9th Cir. 2001). The Social Security Act bars payment of benefits when drug addiction and/or alcoholism is a contributing factor material to a disability claim. 42 U.S.C. §§ 423(d)(2)(C) and 1382(a)(3)(J); *Bustamante v. Massanari*, 262 F.3d 949 (9th Cir. 2001); *Sousa v. Callahan*, 143 F.3d 1240, 1245 (9th Cir. 1998). If there is evidence of DAA and the individual succeeds in proving disability, the Commissioner must determine whether DAA is material to the determination of disability. 20 C.F.R. §§ 404.1535 and 416.935. If an ALJ finds that the claimant is not disabled, then the claimant is not entitled to benefits and there is no need to proceed the analysis to determine whether substance abuse is a contributing factor material to disability. However, if the ALJ finds that the claimant is disabled, then the ALJ must proceed to determine if the claimant would be disabled if he or she stopped using alcohol or drugs.

## ALJ'S FINDINGS

The ALJ found Aulis was insured through December 31, 2014 (Tr. 11, 13) At step one, he found Aulis did not work at substantial gainful activity levels after onset (Tr. 13). At steps two and three, he found she suffers from degenerative disc disease, bilateral wrist pain, thumbs with carpal tunnel release, obesity, depression, anxiety, a personality disorder and substance abuse, impairments that are severe but do not

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 7

1    meet or medically equal a Listed impairment  (Tr. 14). The ALJ found Aulis less

2    than credible and assessed an RFC for a range of light work (Tr. 16). At step four, he

3    relied on the VE's testimony and found Aulis is able to perform her past relevant

4    work as a cashier or garment sorter  (Tr. 22, 74-75), meaning she is not disabled as

5    defined by the Act.

6                                                **ISSUES**

7            Aulis alleges the ALJ erred at step two, failed to develop the record and erred

8    when he assessed her RFC. ECF No. 8-13. She alleges additional evidence

9    considered by the Appeals Council should result in a finding of disability or remand

10   for further administrative proceedings. ECF No. 15 at 13-16. The Commissioner

11   responds that the new evidence does not support finding Aulis disabled or require

12   remand, and the ALJ's findings are factually supported and free of harmful legal

13   error. She asks the court to affirm. ECF No. 17 at 2, 17.

14                                            **DISCUSSION**

15       *A. Credibility*

16           Aulis does not address the ALJ's credibility assessment, making it a verity on

17   appeal. She challenges the ALJ's assessment of conflicting medical evidence. The

18   court addresses credibility because the ALJ considered it when he weighed the

19   medical evidence.

20           When presented with conflicting medical opinions, the ALJ must determine

ORDER GRANTING DEFENDANT'S MOTION

FOR SUMMARY JUDGMENT ~ 8

credibility and resolve the conflict. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's credibility findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

The ALJ's reasons are clear and convincing.

The ALJ relied on Aulis's unexplained lack of treatment for hepatitis and arthritis, failure to take medication prescribed for arthritis, and refusal to undergo spinal imaging (Tr. 18, 241, 243-44, 339, 373-76, 378-79, 381-82, 389, 510, 528-29, 539). He relied on Aulis' ability to work steadily for 20 years after she was diagnosed with hepatitis (Tr. 21, 203, 510). Other activities during the relevant period include refinishing furniture, driving, shopping, crocheting, crafting items such as hats, reading, laundry, vacuuming, dusting, cooking, attending church and playing computer games (Tr. 18, 266, 268, 297, 300, 389, 480, 542). The ALJ relied on numerous inconsistent statements, including with respect to substance use  (Tr. 17, 37-44, 53-69, 185-92, 297, 300, 381, 417, 481, 510, 520, 538-39) and on claims such as that she has asthma and diabetes but for which there is no diagnosis in the record (Tr. 21, 243, 317-18, 415, 436, 459, 482). Treating sources have opined Aulis is able to work (Tr. 268). Effort during testing has been questionable (Tr. 298, 544).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 9

The ALJ's reasons are clear, convincing and supported by substantial evidence. Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ can consider when analyzing credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). The ALJ is permitted to consider inconsistent statements and activities inconsistent with allegedly severe limitations. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002). Failing to give maximum or consistent effort during medical evaluations is "compelling" evidence that the claimant is not credible. *Thomas,* 278 F.3d at 959. An unexplained or inadequately explained failure to follow prescribed medical treatment is properly considered. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

*B. Step two*

Aulis alleges the ALJ should have found hepatitis C with fatigue, migraines and arthritis are severe impairments. ECF No. 15 at 9, 18-22. The Commissioner answers that (1) Aulis has not identified any objective medical evidence that shows hepatitis and migraines are severe impairments; (2) the ALJ fully considered arthritis at step two and  (3) any step two error is harmless. ECF No. 17 at 5-10.

Any error at step two was harmless because the ALJ resolved that step in Aulis' favor. *See Stout v. Comm'r of Soc. Sec. Admin*., 454 F.3d 1050, 1056 (9th Cir. 2006)(citing *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005)).    The Commissioner is also correct that Aulis points to nothing in the record supporting

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 10

allegations that hepatitis and migraine significantly limit the ability to do basic work activities. The ALJ notes Aulis worked for many years after being diagnosed with hepatitis, did not even seek treatment until 2010 and nothing in the record indicates she was undergoing extensive treatment for it (Tr. 21, 510).

With respect to arthritis, the ALJ similarly notes Aulis' failure to seek treatment and, later, to comply with recommended treatment, both cast doubt on the allegation that arthritis is a severe impairment. Moreover, the RFC included limitations caused by obesity and arthritis, even though the ALJ did not list arthritis as a severe impairment at step two  (Tr. 14, 16, 18, 241, 243-44, 373-76, 379, 381-82, 389, 528-29).

When he weighed the evidence the ALJ also considered the opinion of Alysa Ruddell, Ph.D.  On May 3, 2011, she performed a consultative evaluation after the hearing at the ALJ's request (Tr. 535, 537-550). Dr. Ruddell notes Aulis' level of effort compromised the validity of the evaluation (Tr. 19-20, 544, 546, 548). Aulis told Dr. Ruddell she was never able to keep a job long (Tr. 537). Elsewhere she indicated her last job was as a cashier. The job ended in June 2009 and she did it for a year (Tr. 300). ALJ Duncan considered the opinion of a treating physician's assistant that Aulis is able to work (Tr. 20, 266, 268). And he considered Aulis' credibility and the record as a whole.

The ALJ did not err when weighing Aulis' limitations.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 11

1    *C. Duty to develop the record*

2    Aulis alleges the ALJ failed to develop the record because he did not have a

3    medical expert testify at the hearing, although a psychologist testified. ECF No. 15

4    at 11-14. The Commissioner responds that the record is unambiguous and adequate

5    for evaluation; accordingly, the ALJ had no duty to further develop the record. ECF

6    No. 17 at 11-13. The Commissioner is correct.

7    The ALJ's duty to further develop the record is triggered when the evidence is

8    ambiguous or the record is inadequate to make a disability determination.

9    Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001). Neither applies in this

10   case.

11   *D. RFC*

12   Aulis alleges the residual functional capacity assessment and vocational

13   hypothetical should have included fatigue and other limitations from hepatitis. ECF

14   No. 15 at 12-13. The Commissioner responds that this is simply a recasting of Aulis'

15   step two argument. ECF No. 17 at 14.

16   The Commissioner is correct. The ALJ assessed an RFC that adequately

17   captures the limitations supported by the record. *See Stubbs-Danielson v. Astrue*,

18   539 F.3d 1169, 1174 (9th Cir. 2008) (an ALJ's assessment of a claimant adequately

19   captures restrictions related to concentration, persistence or pace where the

20   assessment is consistent with restrictions identified in the medical testimony**).**

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 12

*E. Appeals Council evidence*

The court has considered the evidence presented for the first time to the Appeals Council (Tr. 552-72) to determine whether the ALJ's decision is supported by substantial evidence. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1157, 1159-60, 1162-63 (9th Cir. 2011). The new evidence does not change the fact that the ALJ's decision is supported by substantial evidence.

Aulis' remaining allegations lack specificity in the briefing, lack analysis and are deemed forfeited as too undeveloped to be capable of assessment. *See Carmickle v. Commissioner, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Rattlesnake Coalition v. United States EPA*, 509 F.3d 1095 (9th Cir. 2007); *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994); *Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003).

The ALJ properly weighed the contradictory evidence. The record fully supports the assessed RFC. Although Aulis alleges the ALJ should have weighed the evidence differently, the ALJ is responsible for reviewing the evidence and resolving conflicts and ambiguities. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041-42 (9th Cir. 2008)(internal citations omitted). The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

The ALJ's determinations are supported by the record and free of harmful

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 13

legal error.

## CONCLUSION

After review the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**IT IS ORDERED:**

Defendant's motion for summary judgment, **ECF No. 17**, is **granted.**

Plaintiff's motion for summary judgment, ECF No. 15, is denied.

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant and **CLOSE** the file.

DATED this 27th day of December, 2013.

*S/ James P. Hutton*

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 14